IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig E. Ellerbe, Jr., | Case No.: 1:22-cv-02598-JD-SVH |
| Plaintiff, | |
| vs. | **OPINION & ORDER** |
| Lt. Jonathan Thomas, Lt. Kevin Borem, Lt. Joseph Perks, Cpt. Daniel, Harouff, A/W Susan Duffy, and Deputy Warden John Palmer, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report" or "Report and Recommendation") (DE 33), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1]  Plaintiff Craig E. Ellerbe, Jr. ("Ellerbe" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, seeks damages pursuant to 42 U.S.C. § 1983 because he alleges that on three separate occasions Defendants Lt. Jonathan Thomas ("Thomas"), Lt. Kevin Borem ("Borem"), Lt. Joseph Perks ("Perks"), Cpt. Daniel, Harouff ("Harouff"), A/W Susan Duffy ("Duffy), and Deputy Warden John Palmer ("Palmer") (collectively Defendants") used excessive force against him while he was a prisoner at Perry Correctional Institution ("Perry"), which violated his Fourth and Eighth Amendment rights. (DE 1.)  On January 21, 2023, Plaintiff filed a Motion for Summary Judgment

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

(DE 21), to which Defendants filed a response in opposition (DE 27), and Plaintiff filed a reply thereto (DE 32). On February 17, 2023, Defendants filed a Motion for Summary Judgment (DE 26). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 28.) Plaintiff filed a Response in opposition on March 9, 2023. (DE 31.) Defendants filed a reply on March 14, 2023. (DE 32.)

On March 29, 2023, the magistrate judge issued the Report (DE 33), recommending that Plaintiff's motion for summary judgment (DE 21) be denied and Defendants' motion for summary judgment (DE 26) be granted in part, allowing only Plaintiff's Eighth Amendment claim against Thomas and Borem individually as to the January 2021 incident to proceed. (DE 33.) For the reasons stated below, the Court adopts the Report and Recommendation as provided herein.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. However, as a brief background relating to the objections raised by Defendants, the Court provides this summary.

Plaintiff has been an inmate in the custody of the South Carolina Department of Corrections (hereinafter "SCDC") since May 15, 2015. Plaintiff was transferred to Perry following several disciplinary infractions. (DE 26-12, p. 2.) When his property was inventoried upon his transfer, numerous pills were located, along with written documents showing Plaintiff's "association with or membership in the Crips gang." (Id.) Approximately thirty minutes later, Plaintiff was found standing on the sink in his cell with a homemade noose around his neck, and a response team was called. (Id. at pp. 2-3.) When Plaintiff would not cooperate, he was sprayed with a significant amount of oleoresin capsicum (OC), and after being restrained told those present, "[i]f I was not

in these cuffs I'd annihilate all y'all." (Id. at p. 3.) Plaintiff was again internally charged as a result of this incident. (Id.) "Given the severity of the incident at BRCI on April 24th, [Plaintiff] was placed on security detention (SD) status on June 21, 2019, by the RHU Multi-Disciplinary Team, and his placement in SD status was approved by the Assistant Deputy Director of Operations." (Id.) Plaintiff was served with the disposition form on July 13, 2019. (Id.) That same day, Plaintiff told an officer at Perry that once he was able to make "contact with outside" he was going to have the officer's "wife's head blown off." (Id.) Plaintiff was again internally charged as a result. (Id.)

Plaintiff filed his Complaint on August 8, 2022. (DE 1.) Plaintiff delineates three separate incidents as underpinning his causes of action. The first is an incident he describes as occurring in "the middle of 2020" during which he alleges he was "forcefully stripped naked by" Defendant Perks while outside his cell and in view of other inmates and "a female officer in the booth." (Id. at p. 8.) Notably, Plaintiff asserts other officers were surrounding him during that event, including Defendant Thomas. (Id.) Plaintiff claims he was "placed back in the cell" and "forcefully stripped again" while officers "made sexual comments and jokes." (Id.) He alleges Defendant Harouff supervised this event. (Id.)

Plaintiff alleges the second incident occurred around October 2020, and involved him being "harassed" in the form of being "sprayed excessively with a small can of OC spray as well as a crowed [sic] control contaminant MK-9" while he was using the restroom. (Id.) The third incident upon which his lawsuit is based occurred on January 7, 2021. (Id. at p. 9.) Plaintiff alleges Defendant Borem refused to take him to a scheduled blood draw and refused to provide him with breakfast "for no reason." (Id.) He claims that after requesting to speak with a supervisor Defendant Thomas came and told him he would not eat all day. (Id.) Plaintiff then describes

3

asking "to see mental health," and after being restrained by Defendants Borem and Thomas, being assaulted and threatened by them. (Id.)  Plaintiff asserts: "Moments later once off the wing the[y] both ran my face [into] a metal bar door and continued to assault me until I lost consciousness." (Id.)

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for purported violations of his Fourth and Eighth Amendment rights.  (DE 1, p. 5.)  Each Defendant is sued in their individual and official capacities.  (Id. at pp. 3-5.)  Plaintiff seeks actual and consequential damages, as well as special and punitive damages, along with attorney fees and costs.  (Id. at p. 7.)  Plaintiff also seeks the termination of Defendants employment with SCDC.  (Id.)

## II.    DISCUSSION

As a threshold matter, Plaintiff filed no objections to the Report.[2]  Defendants filed an objection to the Report on May 10, 2022, contending (1) "Defendants Thomas and Borem are entitled to summary judgment regarding Plaintiff's Eighth Amendment claim concerning the use of force incident on January 7, 2021, because judgment in Plaintiff's favor would necessarily imply the invalidity of his internal disciplinary conviction for assaulting Defendant Thomas."  (DE 62.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the

---

[2]    Because Plaintiff did not object to the Report, the Court must satisfy itself only that there was no clear error in those recommendations.  See United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) (holding Section 636(b)(1) "contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'" (emphasis in original)).  The Court finds that there was no such clear error, and therefore, denies Plaintiff's motion for summary judgment (DE 21) without further discussion herein.

validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Defendants previously raised this argument in support of their motion for summary judgment, and the Report ably and comprehensively discussed the argument.  The crux of Defendants' argument hinges on whether the standard articulated in Heck v. Humphrey, 512 U.S. 477 (1994) and in Edwards v. Balisok, 520 U.S. 641 (1997), involved allegations by the respective plaintiffs therein and the potential "invalidity of the punishment imposed" applying to the internal disciplinary hearing as in Edwards or the original state court conviction as in Heck.[3]  (DE 36.) Defendants would have this court accept the following:

> Here we have a prisoner who concedes 'he was found guilty' of assaulting Defendant Thomas, (Dkt. 31 at 6), but contends his conviction 'hold[s] no weight in this proceeding,' (id.), despite the reality that if Plaintiff's allegations concerning the January 7, 2021, incident were to be accepted by a jury, (*see* Dkt. 1 at 9), this 'would necessarily imply the invalidity of his conviction' for assaulting Defendant Thomas.

The Court disagrees.  The Report correctly found:

> The Heck bar applies in the prison disciplinary context if (1) the 'defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits[,]' Edwards v. Balisok, 520 U.S. 641, 646 (1997) and (2) if the restoration of those credits 'necessarily' would 'affect the duration of time to be served[.]' Muhammed v. Close, 540 U.S. 749, 754 (2004).

---

[3] Defendants also acknowledge Muhammad v. Close, 540 U.S. 749, 754 (2004), in which "the Court made a point to explain '[t]he *assumption* is that the incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules.'" 540 U.S. at 751 n.1 (emphasis added).

5

(DE 33, p. 40.)

In this case, the defect complained of by Ellerbe does not concern overturning or challenging his disciplinary conviction. Therefore, Heck and its progeny would not bar Plaintiff's civil action in this instance. Additionally and in contrast to Defendants' account that Plaintiff attacked them unexpectedly and without provocation on January 7, 2021, Plaintiff has provided multiple affidavits from other inmates indicating Thomas and Borem were the aggressors, threatening and physically interfering with Plaintiff in the moments leading to the alleged assault. Therefore, the Court overrules Defendants' singular objection and denies Defendants' motion for summary judgment on Plaintiff's Eighth Amendment claim against Thomas and Borem individually as to this incident.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Motion for Summary Judgment (DE 21) is denied, and Defendants' Motion for Summary Judgment (DE 26) is granted in part as to all claims, except Plaintiff's Eighth Amendment claim against Thomas and Borem individually as to the January 7, 2021, incident.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 15, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.